408 P.2d 908

Guy H. WIGHT and Florence D. Wight, Plaintiffs and Respondents,

v.

Eugene CALLAGHAN and Edna Callaghan, Defendants and Appellants.

No. 10248.

Supreme Court of Utah.

Dec. 8, 1965.

252

Dan T. Moyle, Jensen, Jensen & Bradford, Salt Lake City, for appellants.

Richards, Bird & Hart, Lon Rodney Kump, Salt Lake City, for respondents.

CALLISTER, Justice.

An action by landlords, the Wights, against their former tenants, the Callaghans, for unpaid rent, items removed from the leased premises and damages thereto. The lower court, sitting without a jury, found in favor of the plaintiffs in nearly all particulars of their claims and awarded them a judgment against the defendants in the amount of $2,402.07, plus $568.64 for attorney fees and $65.50 costs. Defendants appeal, questioning most of the items of damage allowed by the lower court.

The Callaghans rented the home and property in question from the Wights for approximately 6½ years. A written lease for two years was first executed on January 18, 1957. On February 25, 1959, another lease for a term of one year was executed, and, finally, on May 10, 1960, a third

lease was executed for a term from July 1, 1960 to June 30, 1963. The Callaghans vacated the leased premises on July 31, 1963. The first and third lease agreements were signed by all the parties. However, the second lease agreement was signed only by Mr. Wight and Mrs. Callaghan. All of the leases, insofar as are pertinent to this case, contained similar covenants.

The covenants of the leases upon which the plaintiffs base their suit were to the effect that the lessees (Callaghans) would keep the premises in a clean and satisfactory condition and, upon termination of the tenancy, return them (including equipment and furnishings) in as good a condition as when entered upon, reasonable wear and tear excepted. Furthermore, the lessees agreed to pay for all damage occasioned during the period of their occupancy.

■ At the outset, disposition must be made of the argument urged by Mr. Callaghan. That he is not accountable for any items of alleged damages which occurred during the period of time encompassed by the second lease. This, because he was not a signatory to that lease agreement. Such an argument is specious and without merit. Mr. Callaghan and his family used and occupied the premises and paid the stipulated rent. He is, therefore bound by the lease and its terms.[1]

1. 84 A.L.R.2d 928; 51 C.J.S. Landlord and Tenant § 217, p. 821; 32 Am.Jur. p. 59;

The real difficulty facing this court is the numerous and various items of damages asserted by the plaintiffs and challenged by defendants. They range from sixty cents for missing check ropes for the garage door to $829.54 for labor and materials necessary to restore the premises to its condition at the time occupancy commenced—reasonable wear and tear excepted.

■ It is an imposition upon this court, as it was upon the court below, to examine the merit or demerit of all these items— particularly those of such a de minimus or ridiculous amount. What damage was the result of "reasonable wear and tear," or otherwise, was a question to be resolved by the lower court. Its findings and conclusions in that regard should not be disturbed or disregarded by this court unless contrary to established facts or law. We, therefore, affirm the lower court, except as to the following:

■ (1) $829.54 for painting and renovating the house (including labor and materials). This item of damage must be disallowed. The home had not been painted for approximately 21 years prior to the termination of the defendants' tenancy— at least 15 years prior to their occupancy.

Realty Management Co. v. Medow, 297 Ill.App. 642, 17 N.E.2d 637.

To charge them for this expense [2] would be unconscionable and contrary to the intent of the covenants of the leases. Defendants were only obliged to return the premises in the condition they were in when received by them, reasonable wear and tear excepted, 6½ years before—not 21 years. The fact that defendants had made holes in the walls for hanging shelves, pictures, etc. would not obligate them to pay for a painting job long overdue.

(2) The allowance of damages for the following items claimed to be missing or damaged:

| | |
|---|---:|
| Garage Door handles | $ 5.82 |
| Window lock in garage | 3.25 |
| Door stop in garage | 1.50 |
| Check ropes in garage | .60 |
| Wire clothes line | 2.85 |
| Light fixture in shop | 10.95 |
| Night latch in shop | 3.75 |
| Screen door in shop | 10.50 |
| Screen door closures | 6.15 |
| Shields and covers for gable lights | 12.00 |
| Water softener | 100.00 |
| Screen for bar-b-que pit | 9.16 |
| Bird bath | 4.50 |
| Broken sprinkler head [3] | 2.00 |
| Electrical outlets and switches | 1.45 |
| Holes in rain gutter | 2.50 |

■ The foregoing items are disallowed because they either must be considered the result of normal wear and tear of 6½ years' occupancy, or are not supported by the evidence.

■ Defendants also complain of the assessment against them of damages in the amount of $775.88 for water damage and $74.00 for fire damage to a rug. Plaintiffs were reimbursed for this loss by insurance. Unfortunately, defendants cannot take advantage of this. The leases contained no provision as to insurance and defendants were not a privy to the insurance contract.[4]

The cross appeal of plaintiffs for an increase in the amount of attorney fees awarded them is without merit.

Affirmed in part and reversed in part. Remanded to enter judgment in accordance with this opinion. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

---

2. Most of the labor was performed by Mr. and Mrs. Wight.
3. This was introduced as an exhibit. However, at the very end of a 3½ day trial, plaintiffs requested that this exhibit be withdrawn. The request was granted.
4. 66 A.L.R. 864; 5 Appleman, Ins. L.E.P. § 3365; Couch on Insurance 2d § 29:60.